IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS M. NICHOLS, # N-61355,  )
                                   )
            Petitioner,            )
                                   )
      vs.                          )   Case No. 18-cv-2176-NJR
                                   )
WARDEN OF ILLINOIS RIVER           )
CORRECTIONAL CENTER,               )
                                   )
            Respondent.            )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. 12). The Court appointed the Federal Public Defender to represent Petitioner Demetrius H. Nichols (Doc. 13), and counsel responded to the motion (Doc. 17). Respondent filed a reply (Doc. 21).

Respondent asserts that the dismissal of Nichols's 2009 habeas corpus action filed in this Court (*Nichols v. People of the State of Illinois*, Case No. 09-cv-801-DRH) renders the instant action successive and deprives this Court of jurisdiction to hear the instant Petition because Nichols did not obtain authorization from the appellate court to file it. Both the 2009 action and the instant Petition challenge Nichols's 2006 aggravated battery conviction in Perry County, Illinois (*People v. Nichols*, Case No. 06-CF-32), for which he was sentenced to 5 years.[1] Nichols

---

[1] Nichols is serving multiple sentences, which commenced in 2002 with Cook County convictions for attempted murder (17 years) and aggravated unlawful restraint (3 years). He also has a 2010 conviction for aggravated battery, for which he was sentenced to 7 years. Offender Search page of the website of the Illinois Department of Corrections, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Sept. 12, 2019).

counters that the summary dismissal of the 2009 petition should not count for purposes of 28 U.S.C. § 2244(b) so as to render the current Petition second or successive.

Nichols's 2009 habeas petition was dismissed upon preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 13 in *Nichols v. Illinois*, Case No. 09-cv-801-DRH; also filed as Doc. 12-2 in the instant case). The "rambling petition" appeared to challenge Nichols's conviction on the basis that the victim of the assault had subsequently died, and the presiding judge in the case was also deceased.[2] (Doc. 12-2, p. 2). This Court observed that "Nichols provides no legal authority for his arguments, nor does he suggest that he exhausted his state court remedies with respect to his conviction." *Id.* After discussing the exhaustion requirement and procedural default, the Court concluded:

> Nichols presents no assertions or documentation to indicate that he has challenged this conviction through the appellate courts in the state of Illinois, nor does he present any viable constitutional claim regarding the validity of this conviction. Therefore, this habeas action does not survive review under Rule 4.

(Doc. 12-2, p. 3). The Court then dismissed the 2009 habeas action with prejudice.

In responding to the motion to dismiss, Nichols argues that this 2009 dismissal did not represent a disposition based on the merits, nor did the Court find that Nichols failed to exhaust his state remedies or that the petition was inexcusably untimely. (Doc. 17, pp. 5-6). Rather, the stated reasons for the dismissal pointed to deficiencies in the *pro se* petition that were potentially curable in an amended pleading. As such, the summary disposition of the 2009 petition cannot be considered to have afforded Nichols a "full and fair opportunity" to litigate his federal habeas

---

[2] Nichols is not attempting to relitigate this claim in the instant Petition; instead he appears to disavow it by explaining that at the time he filed the earlier action, he was suffering from bipolar disorder, schizophrenia, and intellectual impairment (which continue to affect him). (Doc. 1, pp. 6, 9). The instant Petition appears to be raising claims including the failure to examine Nichols's fitness to stand trial, ineffective assistance of counsel, and double jeopardy. (Doc. 1, pp. 8, 10, 17-18).

claims, particularly in light of Nichols's assertions that he has been impaired by mental illness and intellectual challenges. (Doc. 17, pp. 6-7).

Respondent counters that the "with prejudice" dismissal of Nichols's 2009 petition operated as a denial on the merits, therefore only the Seventh Circuit can authorize Nichols to bring a second or successive habeas action. (Doc. 21, pp. 1-2).

### DISCUSSION

An examination of this Court's two-and-a-half-page order dismissing the 2009 petition reveals that nowhere did the Court describe the dismissal as being "on the merits." (Doc. 12-2). The same is true of the Judgment, which states that the petition "is summarily dismissed with prejudice." (Doc. 14 in *Nichols v. Illinois*, Case No. 09-cv-801-DRH). To be sure, as a term of art, a dismissal "with prejudice" ordinarily has the legal effect of signifying a dismissal on the merits. *See Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005); *Phillips v. Shannon*, 445 F.2d 460, 462 (7th Cir. 1971) (dismissal with prejudice constitutes a disposition on the merits for purposes of *res judicata*); *but see O'Connor v. United States,* 133 F.3d 548, 549-51 (7th Cir. 1998) (habeas petitions "returned" as insufficient under the rules governing motions for habeas relief do not "count" as initial petitions). In this case, however, to resolve the question of whether the 2009 dismissal counts as a "denial on the merits" based on the "with prejudice" language alone would elevate form over substance.

Considering the order in its entirety, the summary dismissal of the 2009 petition pursuant to Rule 4, while correct, cannot be considered to have afforded Nichols a "full and fair opportunity" to bring a federal collateral attack on his conviction in the 2009 action. Most of the order is devoted to an explanation of the exhaustion requirement and procedural default, concluding with the observation that Nichols's petition failed to indicate that he made any attempt to exhaust his state

3

court remedies before seeking habeas relief. The Court further noted that the petition presented no supporting legal authority or a viable constitutional claim. That brief conclusion justifies dismissal of the petition, but it does not represent that Nichols had a "full and fair opportunity" to litigate his federal habeas claims.

Ordinarily, the Court would dismiss a petition with these deficiencies *without* prejudice and with leave to amend, precisely for the reasons articulated by Nichols in his response – the defects are potentially curable by amendment and/or by pursuing exhaustion of the claims in state court. Why that was not the disposition in the 2009 case is unclear. This Court concludes, however, that Nichols did not obtain the "one clean shot at establishing his entitlement to relief in a federal habeas corpus proceeding" to which he was entitled, *see Pavlovsky*, 431 F.3d at 1064, when his 2009 *pro se* petition was summarily dismissed without affording him the opportunity to amend. The Court did not dismiss Nichols's 2009 habeas petition on the merits or for some incurable defect, thus it does not count as a fully-adjudicated first habeas petition. *See Altman v. Benik*, 37 F.3d 764, 766 (7th Cir. 2003) ("For purposes of § 2244(b), we do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling.").[3] Accordingly, the instant habeas Petition (Doc. 1) is not "second or successive" within the meaning of 28 U.S.C. § 2244(b), and this Court has jurisdiction to consider it.[4]

---

[3] The Court is mindful that Nichols's Petition appears to have been filed long after the expiration of the one-year habeas filing time limit set forth in 28 U.S.C. § 2244(d)(1)(A), relevant to the date his conviction became final. It is unknown at this time whether his Petition may be timely under another subsection of 2244(d)(1), or whether he may be entitled to equitable tolling.

[4] Further, the Court recognizes that Nichols is in the vulnerable position described as the "worst outcome" in *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996) – if this Court's ruling is later found by the Seventh Circuit to be incorrect, the Court's decision on the merits of the instant Petition would be nullified by an appellate ruling that the Court lacked jurisdiction to adjudicate it.

## DISPOSITION

For these reasons, Respondent's Motion to Dismiss Habeas Petition for Lack of Subject Matter Jurisdiction (Doc. 12) is **DENIED**.

As requested by Respondent in the Reply (Doc. 21), the Court shall set a telephone status conference (the details to be set forth in a separate order) to address whether Petitioner's counsel plans to amend the Petition.

**IT IS SO ORDERED.**

DATED: September 17, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**